**UNITED STATES of America,**
**Appellee,**

v.

**Johnny CORTEZ, Defendant–Appellant.**

**No. 07–3254–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 21, 2008.

**410**

Michael Garcia, United States Attorney for the Southern District of New York (Christine Y. Wong, Mark D. Lanpher, Katherine Polk Failla, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Howard L. Jacobs, New York, NY, for Defendant–Appellant.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

In July 2006, Johnny Cortez pled guilty to one count of conspiracy to possess with intent to distribute heroin and one count of possession with intent to distribute heroin. Under 21 U.S.C. § 841(b)(1)(A)(i), Cortez was subject to a statutory mandatory minimum sentence of 120 months' imprisonment. Cortez requested that the district find him eligible for "safety-valve" relief pursuant to 18 U.S.C. § 3553(f), which allows district courts to depart below the mandatory minimum if, among other things, the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). At sentencing, the district court denied Cortez safety-valve relief after expressly adopting the presentence report. The district court then sentenced Cortez to a term of 120 months' incarceration.

Cortez now appeals his sentence, arguing that the district court did not ade-quately explain its reasons for denying him safety-valve relief. 18 U.S.C. § 3553(c) requires the district court to "state in open court the reasons for its imposition of the particular sentence" it imposes. We have stated that district courts may satisfy this requirement by adopting the PSR in open court, which "puts the defendant on notice of the grounds for the sentence imposed since the defendant usually has either seen his own PSR or is entitled to ask for it." *United States v. Molina,* 356 F.3d 269, 277 (2d Cir.2004).

Here, the district court expressly adopted the PSR in open court. The PSR included the factual finding that Cortez "did not truthfully provide all information and evidence concerning [his] offense to the Government." Thus, the district court did not violate § 3553(c), and we are satisfied that the district court "considered the parties arguments and ha[d] a reasoned basis for exercising [its] legal decisionmaking authority." *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

For the foregoing reasons, the judgment is AFFIRMED.